UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LINDA ANDREWS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> COGIR MANAGEMENT USA, INC., *et al.*, <br><br> Defendants. | Case No. C24-1672-RSM <br><br> ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER |

## I.  INTRODUCTION

This matter comes before the Court on Defendant Cogir Management USA, Inc. d/b/a Pacific Regent Bellevue Senior Living, ("Cogir")'s Motion for Protective Order, requesting limits on certain discovery requests that they allege are "overly broad." Dkt. #30. Plaintiffs have filed an opposition. Dkt. #33. Neither party has requested oral argument. For the following reasons, the Court will grant in part and deny in part Cogir's Motion.

## II.  DISCUSSION

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR PROTECTIVE ORDER - 1

information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

"A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending – or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken." Fed. R. Civ. P. 26(c)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." *Id*. "The decision to issue a protective order rests within the sound discretion of the trial court." *Seiter v. Yokohama Tire Corp.*, 2009 WL 2461000, *1 (W.D. Wash. 2009).

Plaintiffs' proposed class consists of: (1) all current Pacific Regent occupants who paid an Entrance Fee; (2) all former occupants in the last 6 years who are owed a 90% refund of the Entrance Fee; (3) all former occupants who received a 90% refund more than 6 months after vacating unit; and (4) all heirs/beneficiaries who "vacated" in the last 6 years and did not receive a refund within 6 months. Dkt. #17 at ¶ 6.6.

**A) Discovery Not Limited in Temporal Scope**

Cogir argues that Plaintiffs' requested discovery dating back 10 years is not limited in scope, time barred by applicable statute of limitations, and overly burdensome. Dkt. #30 at 5, 12. Plaintiffs do not directly respond to this argument.

Cogir challenges Plaintiffs' Interrogatories 7, 8, 9, 11, 13, 15, and 16, as well as Requests for Production ("RFP") 2, 3, 4, 5, and 6. *See* Dkt. #32-1. Considering Plaintiffs' description of the proposed class, Plaintiffs' discovery requests dating back 10 years are overly broad. The Court agrees with Cogir on the identified Interrogatories and RFPs, excepting RFP No. 5, which only relates to current Pacific Regent residents. *See id*. at 12.

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR PROTECTIVE ORDER - 2

### B) Discovery Not Limited to Residents Owed a Refund

Cogir argues that Plaintiffs' discovery requests regarding current residents or residents already issued refunds is improper because "current residents are not owed a refund, nor are those individuals whose refund has been issued." Dkt. #30 at 12. The challenged Interrogatory requests that Defendants "identify all heirs or beneficiaries of residents who occupied a unit at Pacific Regent in the last ten (10) years[,]" along with the RFP for the Interrogatory to "produce all written communications between you, and all persons identified . . . which were sent or received in the last ten (10) years." *Id*. at 12. Cogir labels these at Interrogatory No. 3 and RFP No. 4, but it appears they are actually Interrogatory No. 8 and RFP No. 3. *Id*.; *see* Dkt. #32-1 at 11. The Court already concluded that these requests are outside the temporal scope of 6 years. As for any other requests related to current residents or former residents who received a refund, Plaintiffs' proposed class includes all current residents who paid an Entrance Fee and former residents and heirs owed a refund or who received one after 6 months. *See* Dkt. #17 at ¶ 6.6. Cogir does not identify any other specific Interrogatories or RFPs, but the Court will not block them for Cogir's stated reason.

### C) Discovery Not Limited to Class Certification

Cogir challenges several discovery requests as improper "merits discovery" in violation of the parties' agreement "to phase discovery so as to conduct class discovery first and merits discovery second." Dkt. #30 at 4, 12-13. Plaintiffs do not respond to this argument.

In the parties' Joint Status Report, Plaintiffs proposed bifurcating discovery into phases: first, discovery on the Home State exception to jurisdiction; second, class certification discovery; and third, all remaining fact and expert discovery. Dkt. #5 at 4. Defendants did not oppose this discovery plan, and the Court set a deadline for only class certification discovery with other deadlines to follow. Dkt. #27.

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR PROTECTIVE ORDER - 3

Cogir identifies the following requests as premature merits discovery:

1) Interrogatory No. 12: "provide the name of the bank, or other financial institutions, where Entrance Fees have been deposited for every person who has resided at Pacific Regent in the last (10) years." Dkt. #32-1 at 13.

2) Interrogatory No. 17: "Have you ever been named as a defendant in a lawsuit filed against you by a resident, or heir of a resident, in the last ten (10) years? If so, please describe each such lawsuit and its current status." *Id*. at 16.

3) RFP No. 8: provide all complaints made against Defendants or Pacific Regent to government agencies that relate to the Complaint's claims and any agency responses. *Id*. at 15.

4) RFP No. 9: produce copies of complaints "described in the preceding interrogatory" (no interrogatory directly proceeds this RFP, *see* Dkt. #32-1 at 15).

5) RFP No. 10: produce copies of complaints referred to in Interrogatory No. 17. *Id*. at 16.

The Court agrees that the above discovery requests appear beyond the scope of class certification discovery and will grant Cogir's request.

### D) Discovery Requests Beyond Plaintiffs

Cogir argues that Plaintiffs' discovery requests are overly broad because they extend beyond the "subclass" Plaintiffs actually represent. *See* Dkt. #30 at 7-8. Cogir, as stated above, reasons that the proposed class is split into the four subclasses: (1) all current Pacific Regent occupants who paid an Entrance Fee; (2) all former occupants in the last 6 years who are owed a 90% refund of the Entrance Fee; (3) all former occupants who received a 90% refund more than 6 months after vacating a unit; and (4) all heirs/beneficiaries who "vacated" in the last 6 years and did not receive a refund within 6 months. Dkt. #17 at ¶ 6.6.

Cogir contends that "the only subclass to which Plaintiffs possibly belong is putative Subclass IV." Dkt. #30 at 8. Pointing to *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-53 (1978), where Cogir claims that the Supreme Court "acknowledge[ed] pre-certification discovery can be limited to claims that representative plaintiff can bring[,]" Cogir objects to all

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR PROTECTIVE ORDER - 4

discovery related to the Subclasses 1-3 because "Plaintiffs are not entitled to discovery . . . [where] they cannot represent those subclasses." *Id*. at 7-8.

Plaintiffs contend that "Defendants engender confusion in their misguided attempt to manufacture four subclasses from the one class proposed." Dkt. #33 at 3. Plaintiffs allege that the proposed "class members are 'residents who rented units at Pacific Regent at any time in the last six (6) years, or their heirs or beneficiaries.'" *Id*. (quoting Dkt. #17 at ¶ 6.1).

The Court declines to grant Cogir's request at this time. As Cogir argues, "[a]t some point Plaintiffs will file a motion for class certification." Dkt. #34 at 4. Cogir attempts to define this action as being "about refundable entrance fees and when the refund must be paid to the resident and their heirs." Dkt. #30 at 12. But Plaintiffs' Complaint challenges the validity of Pacific Regent's Residency Agreements, including the EF and repayment terms, potentially allowing this Court to "provide relief to current residents by reforming these contracts to comply with the law." Dkts. #17 at ¶ 6.10, #33 at 4. Accordingly, the Court will deny Cogir's challenges based on its "four subclasses" argument.

**E) Discovery Unnecessary to Home State Exception**

As noted above, the parties' Joint Status Report included bifurcating discovery to address the home state jurisdiction exception. *See* Dkt. #20 at 4.

Under the Class Action Fairness Act, a district court has original jurisdiction over class actions with minimal diversity, a proposed class of at least 100 members, and an amount in controversy exceeding $5 million. *See* 28 U.S.C. § 1332(d)(2). However, under the "home state exception," district courts must decline jurisdiction when "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." *Id*. at § 1332(d)(4)(B); *see Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1022-23 (9th Cir. 2007).

While Plaintiffs seek discovery on this issue, *see* Dkt. #32-3, Cogir argues that "none of the primary defendants are citizens of Washington state[.]" Dkt. #30 at 10. While this issue is potentially as "irrelevant" as Cogir claims, it appears to the Court that this limited discovery can be easily provided to Plaintiffs, is relevant at this stage, and that this argument is better addressed if and when Plaintiffs raise the issue. Thus, the Court will deny Cogir's request.

### III. CONCLUSION

Having reviewed the instant Motion, responsive briefings and declarations, and the remainder of the order, the Court hereby finds and ORDERS that Defendant Cogir's Motion for Protective Order, Dkt. #30, is GRANTED IN PART AND DENIED IN PART. Plaintiffs' Second Set of Discovery Requests are modified as follows:

(1) Whenever a request asks for information going back 10 years, that request shall be deemed modified so as to only go back six years (s*ee, e.g.*, Sec. II(A)).

(2) Interrogatories 12 and 17 and Requests for Production 8, 9, and 10 are STRICKEN as untimely merits discovery.

DATED this 25th day of November, 2025.

_____
Ricardo S. Martinez
United States District Judge