UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREWS REVOCABLE TRUST, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>COGIR MANAGEMENT USA, INC., *et al.*,<br><br>Defendants. | Case No. C24-1672-RSM<br><br>ORDER GRANTING IN PART DEFENDANTS' MOTIONS FOR JUDGMENT ON THE PLEADINGS |

## I. INTRODUCTION

This matter comes before the Court on Defendants 919 109th Avenue Owner, LLC ("919"), Cogir Management USA Inc. ("Cogir"), and Watermark Retirement Communities LLC ("Watermark") (collectively, "Defendants")'s Motions for Judgment on the Pleadings and to Strike Class Claims. Dkts. #36 and #38. Plaintiffs Andrews Revocable Trust ("the Trust"), Linda Andrews, Kristen Andrews, and Susan Andrews ("Andrews sisters") (collectively, "Plaintiffs") oppose. Dkt. #39. No party has requested oral argument. For the following reasons, the Court grants in part Defendants' Motions.

## II. BACKGROUND

Unless otherwise noted, the Court adopts the following facts from Plaintiffs' Amended Complaint, Dkt. #17.

Defendant 919, also known as Pacific Regent Bellevue Senior Living, is a senior living community with over 100 units for residents of sixty-two years or older. In 2014, Jane and I. Robert Andrews, the parents of Plaintiff Andrews sisters, contracted to let one of the units. Upon signing a Residency Agreement, the couple had three options regarding their Entrance Fee refund, and they opted to pay an Entrance Fee of $586,577 that would be 90% refundable per certain conditions. These conditions were that: "Any refund due Resident will be made without interest and only after Resident's accommodations have been vacated, refurbished as necessary, reserved by another Resident, and the new Resident has made the then full Entrance Fee payment to the Community." Dkt. #17, Ex. 1 at ¶ 26(g).

After I. Robert Andrews' death in 2017, Jane Andrews "vacated" the unit upon her passing in June of 2021. Therefore, the contracted 90% refund was to be paid to the Andrews Revocable Trust, of which Plaintiff Andrews sisters are the beneficiaries. However, the refund was not issued until after the unit was re-rented in May of 2024. Between 2021 and 2024, Plaintiffs allege that Defendant 919 "asked for an inflated price for the unit," encouraged Plaintiffs "to pay about $1,000.00 per month in 'staging fees'" for the vacant unit, and encouraged Plaintiffs to "offer incentives of $15,000 to $80,000 to attract a renter," which would then be subtracted from the refunded Entrance Fee. Dkt. #17 at ¶ 1.5. Plaintiffs contends that the Residency Agreement contains no time limits as to re-renting the units or repaying Entrance Fees, allowing Defendants to "essentially coerce residents or their heirs to pay these amounts[.]" *Id*. at ¶¶ 1.5 and 1.7.

Plaintiffs commenced this action in King County Superior Court on September 20, 2024, and the matter was removed to this Court on October 14, 2024. Dkt. #1. After the Court granted leave to amend, Plaintiffs filed their Amended Complaint on December 3, 2024, alleging claims

for (1) violations of the Washington Consumer Protection Act, (2) breach of contract, (3) violations of the rule against perpetuities, (4) breach of fiduciary duty, (5) unjust enrichment, and (6) injunctive relief, as well as class allegations on behalf of a purported class including "residents who rented units at Pacific Regent at any time in the last six (6) years, or their heirs or beneficiaries." Dkt. #17 at ¶¶ 5.1-6.1. Soon after, Defendants filed the instant Motion. Dkts. #36 and #38.

## III. DISCUSSION

### A. Legal Standard

"After the pleadings are closed – but within such time as not to delay the trial – any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard governing a Rule 12(c) motion for judgment on the pleadings is essentially the same as that governing a Rule 12(b)(6) motion. *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir.1989); *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir.1988)).

In making a Rule 12(b)(6) assessment, the court accepts all facts alleged by the non-moving party as true and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint or answer alleging counterclaims "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the pleading party "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint or answer need not include detailed allegations, but it

must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, the pleading party's claims must be dismissed. *Id*. at 570.

**B. Analysis**

**1. Standing**

Defendants argue that the Andrews sisters do not have standing because they are not personal representatives of the Trust and are only beneficiaries. Dkt. #36 at 7-9. In response, Plaintiffs contend that they are real parties of interest under Rule 17 because they are trustees. Dkt. #39 at 5-6. Defendants argue that Plaintiffs' Amended Complaint fails to establish if any of the Andrews sisters are a trustee. Dkt. #41 at 2-3.

"An action must be prosecuted in the name of a real party in interest[,]" which includes "a trustee of an express trust[.]" Fed. R. Civ. P. 17(a)(1)(E). "It is a fundamental tenet of trust law that it is the trustee of a trust, and not its beneficiaries, who have a cause of action against third parties for wrongdoing concerning trust property." *In re New England Mut. Life Ins. Co. Litig.*, 841 F. Supp. 345, 348 (W.D. Wash. 1994). In their Response, Plaintiffs state that "[t]he trustees for the trust are comprised of the Andrews' three daughters; Linda, Susan, and Kristen Andrews" and cite to page 11 of the Amended Complaint. Dkt. #39 at 3. However, the Amended Complaint is far from clear on this point. Page 11 only states that "Linda Andrews, Susan Andrews, and Kristen Andrews are the heirs of the estate of their mother," not that any of them are trustees. Dkt. #17 at 11. The Amended Complaint begins by saying that "[t]he Plaintiffs are the Trustee and Beneficiaries of the Andrews Revocable Trust." *Id*. at 2. But in the "Prayer for Damages" section, the Amended Complaint states, "Wherefore, the Plaintiffs, the Andrews Revocable Trust, by and through its Trustee and Beneficiary Linda Andrews, and Beneficiaries

Kristen Andrews and Susan Andrews," seeming to name only Linda Andrews as the Trustee. *Id.* at 29. The Court finds that it is unclear as to who is the proper plaintiff in this case and will allow Plaintiffs to amend the complaint on this issue. Accordingly, the Court will grant Defendants' request to "dismiss this lawsuit in its entirety[.]" Dkt. #36 at 20. However, given the particular circumstances of this case, the Court will address Defendants' other arguments. *See* Fed. R. Civ. P. 1.

**2. Rule Against Perpetuities**

Defendants' argue that Plaintiffs' claim for violation of the rule against perpetuities fails because "the Entrance Fee refund is not an interest in real property," "it is not clear how the Entrance Fee refund restrains the alienation of anything whatsoever[,]" "the Entrance Fee refund has always been vested in the Trust[,]" and this claim is moot. Dkt. #36 at 9-12.

"The rule against perpetuities prohibits the creation of future estates, which, by possibility, may not become vested within a life or lives in being at the time of the testator's death and twenty-one years thereafter." *Robroy Land Co., Inc., v. Prather*, 95 Wn.2d 66, 69 (1980) (quoting *Betchard v. Iverson*, 35 Wn.2d 344, 348 (1949)). "[C]ommercial contracts creating future interests in property" that are "without duration . . . should be presumed as intended to last only for a reasonable time." *Id*. at 73.

The Court is unconvinced that the Residency Agreement violates the rule against perpetuities or that the rule even applies. While the cases Plaintiffs cite to involve real property, the instant matter involves a contract provision for a fee refund, not land or property. *See* Dkt. #39 at 6-8. Current Washington law governing facilities like Pacific Regent, or Continuing Care Retirement Communities ("CCRC"), was not in effect until 2017. *See* RCW 18.390.010. Under that current statute, a CCRC is required to disclose fees, including "refund policies for each type

of fee[,]" but the provision sets out no deadline requirement. RCW 18.390.060. In fact, in 2019, the Washington legislature proposed a bill that would set a deadline for when a CCRC must refund an entrance fee as the earlier of (a) after the residency is reoccupied or (b) two years following departure or death, but the legislature did not pass it. *See* H.B. 1296, 66th Leg., Reg. Sess. (Wash. 2019). Similar entrance fees provisions have been upheld by other courts. *See 1611 Cold Spring Rd. Operating Co., LLC v. Skinner*, No. 3:21-CV-40031-KAR, 2024 WL 4956763, at *7-10 (D. Mass. Dec. 3, 2024) (finding a similar provision, *i.e.*, that 90% of an entrance fee minus a certain amount would be refunded within sixty days after a resident vacated a unit and a new resident signed and paid the entrance fee for said unit, unambiguous and enforceable). Even if the rule against perpetuities applies here, Plaintiff fails to show that the Entrance Fee refund under the Agreement did not occur within a reasonable time. *See Robroy Land Co., Inc.*, 95 Wn.2d at 74. Given all of the above, the Court will dismiss this claim with prejudice, as the Court finds that amendment of this claim would be futile.

**3. Breach of Fiduciary Duty**

Defendants argue that Plaintiff's claim for breach of fiduciary duty fails because "Plaintiffs include no allegations—let alone plausible ones—regarding a purported duty owed or the alleged harm suffered." Dkt. #36 at 12-13. Citing to *Hutson v. Wenatchee Fed. Sav. & Loan Assoc.*, 22 Wn. App. 91, 104 *(1978), Plaintiffs contend that "a quasi-fiduciary relationship developed once Defendants began advising Plaintiffs on how to re-rent the property." Dkt. #39 at 9. In the Amended Complaint, Plaintiffs allege that Defendant 919 breached this duty by (1) delaying the re-rent of the unit by almost 36 months, (2) encouraging Plaintiffs to offer financial incentives or pay staging fees to attract a renter, and (3) failing to "fulfill its promise of 90%

repayment of the Entrance Fee," and further alleging that Defendant "has been using $527,919.30 of Andrews' family money, interest free, for three years." Dkt. #17 at ¶¶ 5.27-5.28.

"In a fiduciary relationship[,] one party 'occupies such a relation to the other party as to justify the latter in expecting that his interests will be cared for . . . .'" *Micro Enhancement Int'l, Inc. v. Coopers & Lybrand, LLP*, 110 Wn. App. 412, 433 (2002) (quoting *Liebergesell v. Evans*, 93 Wn.2d 881, 889-90 (1980)). For breach of a fiduciary duty, a "plaintiff must prove (1) existence of a duty owed, (2) breach of that duty, (3) resulting injury, and (4) that the claimed breach proximately caused the injury." *Id*. at 433-34.

Without more, as Defendants note, courts have routinely found that similar contracts do not give rise to fiduciary duties. *See Cork v. CC-Palo Alto, Inc.*, 534 F. Supp. 3d 1156, 1180 (finding same and listing similar cases). The Court agrees with Defendants that Plaintiffs' argument of a "quasi-fiduciary relationship" is distinguishable from *Hutson*, as Plaintiffs provide no similar facts or allegations showing that Defendants "possessed superior business acumen and experience," that Plaintiffs had "less knowledge, experience, and judgment" that cause similar reliance, or other similar deceptions or harm. *See Hutson*, 22 Wn. App. at 103; Dkt. #41 at 6. Furthermore, the Court finds that amendment of this claim would be futile. Accordingly, the Court will dismiss this claim with prejudice.

**4. Unjust Enrichment**

Defendants argue that Plaintiffs' unjust enrichment claim fails because there is an express, valid contract. Dkt. #36 at 14. Plaintiffs contend that "the matter at issue, the indefiniteness of the return of the Entrance Fee, is not contemplated by this contact[,]" which leaves "space" for an implied contract and unjust enrichment claim. Dkt. #39 at 10.

Washington law is clear that "[u]njust enrichment is the method of recovery for the value of the benefit absent any contractual relationship[.]" *Young v. Young*, 164 Wn.2d 477, 484, 191 P.3d 1258, 1262 (2008); *see Chandler v. Wash. Toll Bridge Auth.*, 17 Wn.2d 591, 604, 137 P.2d 97 (Wash. 1943) ("A party to a valid express contract is bound by the provisions . . . and may not disregard the same and bring an action on an implied contract relating to the same matter[.]"); *see also Pengbao Xia v. Feast Buffet, Inc.*, 387 F. Supp. 3d 1181, 1191 (W.D. Wash. 2019) ("Where a valid contract governs the rights and obligations of the parties, unjust enrichment does not apply."). An "implied contract" exists where "(1) the defendant receives a benefit, (2) the received benefit is at the plaintiff's expense, and (3) the circumstances make it unjust for the defendant to retain the benefit without payment." *Young*, 164 Wn.2d at 484-85 (2008).

Here, the Residency Agreement is clear that the 90% refund of the Entrance Fee would "be made without interest and only after Resident's accommodations have been vacated, refurbished as necessary, reserved by another Resident, and the new Resident has made the then full Entrance Fee payment to the Community." Dkt. #17, Ex. 1 at ¶ 26(g). The Court agrees with Defendants that "[t]here is no 'gap' which the Court must fill in or imply," Dkt. #41 at 8, regarding the return of the Entrance Fee, that this contractual provision was clear, and that Plaintiffs' alleged harm of losing "the value of interest-bearing money over time," Dkt. #39 at 11, was expressly included in the contract. *See* Dkt. #17, Ex. 1 at ¶ 26(g). Accordingly, the Court finds that this claim is properly dismissed with prejudice.

**5. Class Allegations**

Finally, Defendants move for the Court to dismiss or strike Plaintiffs' class allegations "based on the obvious predominance of individual issues and claims[,]" or "dismiss Subclasses I-III because Plaintiffs are only capable of representing Subclass IV." Dkt. #36 at 21. As stated

above, the Court will dismiss Plaintiffs' Amended Complaint in its entirety with leave to amend certain claims because it is unclear who the proper plaintiff is in this case. Therefore, the Court will not address Defendants' arguments regarding Plaintiffs' class allegations at this time.

## IV. CONCLUSION

Having considered the instant Motion, relevant briefings, and remainder of the record, the Court hereby finds and ORDERS that Defendants' Motions for Judgment on the Pleadings, Dkts. #36 and #38, are GRANTED IN PART. Plaintiffs' claims for violation of the rule against perpetuities, breach of fiduciary duty, and unjust enrichment are dismissed with prejudice. All other claims are dismissed with leave to amend, as detailed above.

DATED this 21st day of September, 2026.

Ricardo S. Martinez
United States District Judge