UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANDREWS REVOCABLE TRUST, *et al.*,

Plaintiffs,

v.

919 109TH AVENUE OWNER, LLC,, *et al.*,

Defendants.

Case No. C24-1672-RSM

ORDER GRANTING PLAINTIFFS' MOTION TO CONTINUE CASE SCHEDULE DEADLINES

This matter comes before the Court on Plaintiffs' Motion to Continue Case Schedule Deadlines. Dkt. 59. Defendants oppose. Dkts. #61 and #63. No party has requested oral argument. Due to bifurcated discovery, the class certification discovery deadline was initially set for July 7, 2025, with Plaintiffs' class certification motion due by September 8, 2025. Dkt. #27. After multiple stipulated motions to continue these deadlines, the current schedule sets the deadline for class certification as September 5, 2026, with Plaintiffs' class certification motion due by November 9, 2026. Dkts. #45, #46, #49, #50. No trial date has been set. Furthermore, the Court granted-in-part Defendants' Motions for Judgment on the Pleadings on September 21, 2026, dismissing Plaintiffs' Amended Complaint with leave to amend certain claims. Dkt. #68.

Plaintiffs filed the instant Moton on September 4, 2026. Dkt. #59. Plaintiffs essentially argue that, due to delays in ruling on Defendants' motions, including dispositive motions, good cause exist to continue the case schedule by several months. *Id*. Defendants contend that good cause does not exist because the delays were of Plaintiffs' own making. Dkts. #61 and #63.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The decision to modify a scheduling order is within the broad discretion of the district court. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Id.* at 609. If a party has acted diligently yet still cannot reasonably meet the scheduling deadlines, the court may allow modification of the schedule. *Id.* However, "if that party was not diligent, the inquiry should end" and the motion to modify should not be granted. *Id.* Local Civil Rule 16(m) states that "this rule will be strictly enforced" in order to "accomplish effective pretrial procedures and avoid wasting the time of the parties, counsel, and the court."

Given all of the above, it is not reasonably possible for the parties or the Court to continue on the existing schedule. Defendants have failed to demonstrate prejudice from an extension of the deadlines. Under the above circumstances, the Court finds good cause to continue the case schedule deadlines, including the expired class certification discovery cut-off. However, rather than granting Plaintiffs' requested extension of six or three months, the parties will propose a new schedule.

Having reviewed the instant Motion, relevant briefing, and remainder of the record, the Court hereby finds and ORDERS that Plaintiffs' Motion to Continue Case Schedule Deadlines, Dkt. #59, is GRANTED. The parties shall file a joint stipulation proposing a new case schedule **no later than October 14, 2026.**

DATED this 23rd day of September, 2026.

Ricardo S. Martinez
United States District Judge